IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAMIAN ROWENSKI, individually, and on behalf of all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTERTOP FACTORY MIDWEST, INC., and THE COUNTERTOP FACTORY, INC.<br><br>Defendants. | Case No. |

## COMPLAINT

Now comes plaintiff, Damian Rowenski ("Rowenski" or "plaintiff"), by and through his attorneys, the Miller Law Firm, P.C. and Law Office of Scott C. Polman, and for his complaint against The Countertop Factory Midwest, Inc. and The Countertop Factory (collectively hereinafter "defendants") states as follows:

### Nature of Plaintiff's Claims

1.      The lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA") for defendants' failure to pay plaintiff overtime wages at a rate of one-and-one-half his regular rate for all hours worked over 40 in an individual workweek.

1

**Jurisdiction and Venue**

2. The Court has jurisdiction over plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to plaintiff's claims occurred in this judicial district.

**The Parties**

4. Plaintiff Damian Rowenski resides and is domiciled in this judicial district.

5. Plaintiff is a former employee of defendants, and he performed non-exempt work for the defendants.

6. Plaintiff worked as an installer for defendants out of the Addison, Illinois location, operating at 869 S. Route 53, Unit G, Addison, IL 60101.

7. Plaintiff began working for defendants in or around June 2012, and was discharged in or around April 2014.

8. Defendants are a full service countertop company that offers measurement, fabrication, and installation, with headquarters located at 6009 Triangle Drive, Raleigh, NC 27617, and local operations at the aforementioned Addison location.

9. Defendants are doing business within this judicial district and are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

10. Defendants were plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3., and the IWPCA, 820 ILCS 115/2.

**Statutory Violations**

Collective Action Under The Fair Labor Standards Act

11. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by plaintiff as an opt-in representative or collective action, on behalf of plaintiff himself and other plaintiffs similarly situated who have been damaged by defendants failure to comply with 29 U.S.C. §201 *et. seq*. and §251 *et. seq*.

Illinois Minimum Wage Law

12 Count II arises from defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

Illinois Wage Payment and Collection Act

13 Count III arises from defendants' violation of the Illinois Wage Payment and Collection Act (820 ILCS §§115 *et seq*.).

**Factual Allegations**

14. Defendants operate out of their Addison, Illinois location at 869 S. Route 53, Unit G, Addison, IL 60101, where plaintiff worked as an installer for the defendants.

15. Plaintiff's typical workday generally consisted of arriving at the Addison location at 6:30 or 7:00 a.m., punching-in, gathering his work orders, cleaning and loading his truck (2 installers per truck), and then completing approximately 4-5 installations per day, and finally punching-out, or having his boss punch him out, after arriving back at the Addison shop at the end of the day.

16. Plaintiff, pursuant to company policy and standard practice, was sometimes punched-in and out by Bill Howard, who was plaintiff's boss and the owner.

17. During his employment with defendants, plaintiff's regular pay rate started at $16 per hour and ended at $18 per hour.

18. Plaintiff consistently worked over 60 hours per week while employed by defendants, but was not paid his full overtime wages at the required rate of one-and-one-half times his regular rate.

19. In fact, plaintiff routinely worked as much as 14 hours per day, and sometimes worked on installations until as late as 10 p.m.

20. Defendants failed to pay plaintiff his full overtime wages.

21. Defendants permitted plaintiff to regularly work more than 40 hours per week without proper overtime compensation. Plaintiff and class members routinely worked in excess of ten hours per day, and typically worked five to six days per week, including Saturdays.

22. Defendants failed to keep proper records of all time plaintiff and class members worked for defendants, in direct violation of Illinois and federal laws, and in fact, several paychecks issued to plaintiff listed just 1 hour as the total hours for that pay period.

23. Defendants knew and were aware at all times, that plaintiff and class members routinely worked more than 40 hours per week.

24. Defendants failed to pay the named plaintiff and class members for all overtime hours actually worked, at a rate one-and-one-half times the employee's regular hourly rate.

25. The conduct alleged above reduced defendants' labor and payroll costs.

26. The named plaintiff and class members were subject to defendants' practices and were victims of defendants' schemes to deprive them of overtime compensation and to reduce their wages.

27. As a result of defendants' improper and willful failure to pay plaintiff in accordance with the requirements of Illinois and federal wage and hour laws, plaintiff and class members suffered lost wages and other damages.

28. On three different occasions, plaintiff discussed with Bill Howard (boss and owner) the issues about his pay, including the 1 hour listed as the total hours on several checks, but plaintiff never received a reasonable explanation regarding these issues.

## **CLASS ALLEGATIONS**

29. The named plaintiff bring claims for relief on his own and as a collective and/or class action pursuant to 29 U.S.C. § 216(b) and/or Fed.R.Civ.P. 23. The class is defined as:

> "All former and current employees of one or more of the defendants, its subsidiaries, or affiliated companies, in the state of Illinois, who worked as installers or in other positions performing similar responsibilities, at any time during the relevant statute of limitations period, and who were not properly compensated as alleged herein."

30. This action is properly maintainable as a collective and/or class action because:

   a. This class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact that are common to the class;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and,

   d. The named plaintiff will fairly and adequately protect the interests of the class.

### **Numerosity**

31. On information and belief, the total number of putative class members represents at least forty (40) individuals. The exact number of class members may be determined from defendants' records.

**Commonality**

32. There are numerous and substantial questions of law and fact common to members of the stated classes, including, but not limited to, the following:

    a. Whether defendants failed to keep true and accurate time records for all hours worked by the class members;

    b. Whether defendants failed to compensate class members for all the work they required, encouraged, or permitted class members to perform;

    c. Whether defendants failed to compensate class members with overtime premium wages for all work performed in excess of 40 hours per week; and,

    d. Whether the defendants willfully failed to comply with state wage and hour laws.

33. Plaintiff anticipates that defendants will raise defenses that are common to the class.

**Adequacy**

34. The named plaintiff will fairly and adequately protect the interest of the class. He has retained experienced counsel that are competent in complex litigation, and who have experience in class litigation, specifically wage and hour litigation.

**Typicality**

35. The claims asserted by the named plaintiff are typical of the class members he seeks to represent. The named plaintiff has the same interests and suffers from the same injuries as the class members.

36. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relativity small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action.

**Common Questions of Law and Fact Predominate and a Class Action is
<u>Superior to Joinder of Claims or Individual Lawsuits</u>**

37. The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because defendants' alleged underlying activities and impact of their policies and practices affected class members in the same manner—that is, they subjected class members to a policy of suffering work without pay.

38. A class action is superior to other available means to the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incomplete standards of conduct for defendants, and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (29 U.S.C. 201 *et seq.*)

39. Plaintiff realleges and incorporates all preceding paragraphs.

40. This count arises from defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for defendants' failure to pay overtime wages to plaintiff.

41. Plaintiff worked for defendants and was an "employee" of defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

42. Defendant was plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43. During the course of his employment by defendants, plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

44. Plaintiff was directed by defendants to work, and did work, in excess of 40 hours per week.

45. Pursuant to 29 U.S.C. § 207, for all weeks during which plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one-and-one-half times his regular hourly rate of pay.

46. Defendants did not compensate plaintiff at a rate of one-and-one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

47. Defendants' failure to pay plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (820 ILCS §§105 *et seq.*)

48. Plaintiff realleges and incorporates all preceding paragraphs.

49. The Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

50. The matters set forth in this count arise from defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

51. At all relevant times herein, defendants were plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and plaintiff was defendants' "employee" within the meaning of that Act.

52. During the course of his employment by defendants, plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

53. Pursuant to 820 ILCS 105/4a, for all weeks during which plaintiff worked in excess of 40 hours, plaintiff was entitled to be compensated at one-and-one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

54. Defendant failed to pay plaintiff one-and-one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

55. Defendant violated the Illinois Minimum Wage Law by refusing to compensate plaintiff at one-and-one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

56. Pursuant to 820 ILCS 105/12(a), plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**COUNT III**
**Violation of the Illinios Wage Payment and Collection Act**
**(820 ILCS §§115 *et seq*.)**

57.   Plaintiff incorporates by reference all preceding paragraphs.

58.   Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to 735 ILCS §§ 5/2-801-02.

59.   Section 2 of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties …."

60.   Section 4 of the IWPCA, 820 ILCS §115/4, provides that every employer shall pay "[a]ll wages earned by any employer during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

61.   Section 5 of the IWPCA, 820 ILCS § 115/4, provides that, "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

62.   Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate plaintiff and class members for the actual time they worked each week.

63.   Defendants also willfully failed to pay overtime pay and other benefits to plaintiff and class members, and they have suffered and will continue to suffer lost wages and other damages.

64.   As a direct and proximate result of defendants' unlawful conduct, plaintiff and class members have suffered and will continue to suffer lost wages and other damages.

10

65. The named plaintiff and class members are also entitled to injunctive relief to prevent defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, Damian Rowenski, individually and on behalf of all others similarly situated, known and unknown, by and through his attorneys, demands judgment against the defendants and in favor of the plaintiff and all class members, for a sum that will properly, adequately, and completely compensate plaintiff and the putative class for the nature, extent, and duration of their damages, the costs of this action, and also as follows:

A. Certify a class for Counts I, II, and III of all former and current employees of one or more of the defendants, its subsidiaries, or affiliated companies, in the state of Illinois, who worked as installers or in other positions performing similar responsibilities, at any time during the relevant statute of limitations period, and who were not properly compensated as alleged herein;

B. Appoint the Miller Law Firm, P.C. and Law Office of Scott C. Polman as class counsel for the plaintiffs;

C. Declare and find that the defendants committed one or more of the following acts:

    i. Violated and willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by the named plaintiff, and,
    ii. Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.,* by failing to pay overtime wages to plaintiff; and,
    iii. Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*

D. Award compensatory damages, including all regular and overtime pay owed and in an amount according to proof;

E. Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

F. Award liquidated damages on all overtime compensation due to individual plaintiffs in Count I brought under the FLSA;

    G.      Award all costs and reasonable attorneys' fees incurred in prosecuting this claim pursuant to the Illinois Minimum Wage Act and the FLSA,

    H.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

    I.      For such further relief as the Court deems just and equitable.

                              Respectfully submitted,

                              Damian Rowenski

               By:  <u>s/Scott C. Polman</u>
                     one of his attorneys

Richard J. Miller
Miller Law Firm, P.C.
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
(847) 995-1205

Scott C. Polman
Law Office of Scott C. Polman
8130 N. Milwaukee Ave
Niles, IL 60714
(847) 292-1989

<u>*Counsel for Plaintiff Damian Rowenski*</u>